# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:05-CV-1942-VEH |
| ) | |
| **ALL FUNDS ON DEPOSIT IN** ) | |
| **ACCOUNT NUMBER 111030387,** ) | |
| **HELD IN THE NAME OF** ) | |
| **"MEDSCRIPTS, LLC," LOCATED** ) | |
| **AT AMSOUTH BANK,** ) | |
| **BIRMINGHAM, ALABAMA;** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the United States of America's (hereinafter "Government") Second Motion to Stay (doc. 24). This motion is opposed. For the reasons stated herein, the Government's Motion to Stay is due to be **GRANTED**.

Title 18 U.S.C. § 981(g) provides the basis for a stay of a civil forfeiture proceeding as a result of a related criminal proceeding. In relevant part, § 981(g) states as follows:

1

(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case....

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g) is part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which became effective on August 23, 2000. The new amendments to the civil forfeiture law contained in CAFRA provide for a stay whenever a court determines that civil discovery will adversely affect the ability of the United States to investigate or prosecute a related criminal case. *See United States v. All Funds Deposited in Account No. 200008524845*, 162 F.Supp.2d 1325, 1329 (D. Wyo. 2001). It also eliminates the previous requirement allowing a stay only after the filing of a

criminal information or indictment. *See id.*

Pursuant to the statute, it is up to the court to determine whether civil discovery will affect the criminal investigation. *See* 18 U.S.C. § 981(g)(1). As part of this determination, the government must make an actual showing regarding the anticipated adverse affect that civil discovery will have on the criminal investigation. *See United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868*, 2004 WL 1834589, *2 (N.D. Tx. Aug. 10, 2004). Additionally, in determining the relatedness of the civil and criminal cases, neither the parties nor the facts in the civil and criminal case need to be identical for the two cases to be considered related. *See All Funds Deposited*, 162 F.Supp.2d at 1329-30. The Court needs to consider the degree of similarity between the witnesses, parties, facts, and circumstances. *See* 18 U.S.C. § 981(G)(4).

The court finds that the Government has made a sufficient showing to warrant a stay of the instant proceeding. First, the criminal investigation is related to the instant action. As detailed in the *ex parte* submission of James D. Ingram, Assistant United States Attorney and John H. England, Assistant United States Attorney, submitted along with and supplemental to the Government's Second Motion to Stay, the investigation and the instant action have common facts, violations, and parties. Second, the Government has also shown that civil discovery will have an anticipated

adverse effect on the criminal investigation. As evidenced by the sealed submission of the Government, the court finds that civil discovery in this case would jeopardize the ongoing criminal investigation against Phillip Pertuit. Further, the court finds that a protective order limiting the scope of discovery would be ineffective in this case.

Accordingly, the Government's Second Motion to Stay is hereby **GRANTED**. This action is **STAYED** pending a further Order by this court. The Government shall file a status report on the last business day of December, 2006, and on the last business day of each quarter thereafter, advising the court whether the Government maintains that a stay is still warranted. Further, the Government shall notify the court immediately upon completion of the ongoing criminal investigation, as it is articulated in the Government's *ex parte* submission, against Phillip Pertuit.

**DONE** and **ORDERED** this 10th day of October, 2006.

                                                                            _____
                                                                            **VIRGINIA EMERSON HOPKINS**
                                                                            United States District Judge